**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JESSE RAY FARMER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 05-4149** |
| | ) | |
| **ELIZABETH G. O'BRIEN and** | ) | |
| **JOHN W. SNOW,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

**FOREMAN, District Judge:**

Before the Court are plaintiff's motions for entry of default and for default judgment, (Docs. 7,8), and defendant's motion to dismiss plaintiff's complaint for failure to effect proper service of process (Doc. 9).

On August 18, 2005, plaintiff filed his complaint against defendants Elizabeth O'Brien and John W. Snow (Doc. 1).  These defendants are either officers or employees of the United States.  Specifically, according to defendants, Elizabeth O'Brien is a Special Agent for the Treasury Inspector General for Tax Administration, and John W. Snow is Secretary of Treasury (Doc. 9, p.2, n.1).

On September 14, 2005, plaintiff filed proofs of service (Docs. 3,4).  Specifically, plaintiff's proofs of service show that defendant Elizabeth O'Brien was served by leaving a copy of the summons and complaint at the Internal Revenue Service (IRS) in Fairview Heights, Illinois, with manager Lynn Glauber (Doc. 3).  According to defendants, however, Ms. Glauber is not authorized to accept service of process on behalf of Elizabeth O'Brien. As to defendant John W. Snow, plaintiff's filing shows that service was made on an individual named Ms. Karen Dorsey at the Treasury Department in Washington, D.C. (Doc. 4).  According to the government, Ms. Dorsey is authorized to accept service of process on

behalf of the Treasury Department, but she is not authorized to accept service of process on Secretary John Snow individually.

Plaintiff's service of process is improper.  To effect proper service, plaintiff needs first to decide the capacity in which he is suing each defendant.  If plaintiff is suing a defendant in the official capacity only, plaintiff must comply with Federal Rule of Civil Procedure 4(i)(2)(A) which states:

> **(i) Serving the United States, Its Agencies, Corporations, Officers, or Employees.**
>
> ***
>
> **(2)(A)** Service on . . . an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule (4)(i)(1) *and* by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency or corporation.

*Fed.R.Civ.Proc. 4(i)(2)(A) (emphasis added).*

Referring then to Federal Rule of Civil Procedure 4(i)(1), it states that:

> **(1)** Service upon the United States shall be effected:
>
> **(A)** by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court *or* by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney *and*
>
> **(B)** by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia . . .

*Fed.R.Civ.Proc. 4(i)(1) (emphasis added).*

If, however, plaintiff is suing a defendant in the individual capacity, plaintiff must look also to Federal Rule of Civil Procedure 4(i)(2)(B) which states:

> **(2)(B)** Service on an officer or employee of the United States sued in an

individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States – whether or not the officer or employee is sued also in an official capacity – is effected by serving the United States in the manner prescribed by Rule 4(i)(1) *and* by serving the officer or employee in the manner prescribed by Rule 4(e), (f), or (g).

*Fed.R.Civ.Proc. 4(i)(2)(B) (emphasis added).*

Thus, if plaintiff wishes to sue defendants in their individual capacity, he must in this case, serve them in accordance with Federal Rule of Civil Procedure 4(e). *See Fed.R.Civ.Proc. 4(e).*

Defendants have not yet been properly served in this matter, thus, plaintiff's motions for entry of default and for default judgment, (Docs. 7,8), are **DENIED.** Plaintiff is **ORDERED** to effect proper service on defendants, in accordance with the Federal Rules of Civil Procedure as listed above, or otherwise show cause why this action should not be dismissed for failure to effect proper service on defendants or before February 28, 2006. Defendants' motion to dismiss (Doc. 9) remains pending contingent upon plaintiff's compliance with this Order. **Failure to comply with this Order WILL result in dismissal of this action.**

**IT IS SO ORDERED.**
**DATED: February 13, 2006.**

*s/ James L. Foreman*
**DISTRICT JUDGE**